### BURNS & DICKEY v. TITZELL et al.

#### (District Court, S. D. Georgia, E. D.   February 20, 1913.)

EQUITY (§ 35*)—JURISDICTION—NATURE OF BILL—ANCILLARY PROCEEDINGS.

Where receivers appointed in a federal court had possession of a fund on which complainants claimed a lien under the state law for labor and materials furnished, and, after filing of a bill to restrain the receivers from paying over the fund to other parties without subjecting the same to complainants' lien, the receivers paid into the registry of the court more than $3,000 to settle complainants' claim when it should be finally ascertained, the bill was properly filed in the nature of an ancillary proceeding, and was not demurrable for want of equity.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 99–102; Dec. Dig. § 35.*]

Bill by Burns & Dickey against J. C. Titzell and others to restrain receivers of the Atlanta, Birmingham & Atlantic Railroad Company from paying over a fund on which complainants claimed a lien for labor and materials under state law. On motion to dismiss for want of equity jurisdiction. Overruled.

Max Isaac, of Brunswick, Ga., for complainants.

D. C. Barrow, of Savannah, Ga., and Alexander Akerman, of Macon, Ga., for defendant J. C. Titzell.

SPEER, District Judge. In this case, which the court took under advisement yesterday, I have reached the conclusions following:

This bill was filed to restrain certain receivers of the Atlanta, Birmingham & Atlantic Railroad Company from paying over a fund to other parties upon which the complainants claimed a lien for labor and material furnished, which lien is allowed by the laws of Georgia.

A temporary restraining order was granted and the case set down for a hearing. The respondent, J. C. Titzell, desiring to use the fund which the restraining order had in that way impounded, came into court and made plain the righteousness of the complainants' claim. The justice of the demand, and its accuracy was not disputed. The respondents then, in order to be relieved of the effect of the restraining order, paid into the registry of the court something more than $3,000 to settle the claim of the complainants when it should be finally ascertained. The bill is demurred to, on the ground that there is no equity, that there was an adequate remedy at common law; the usual grounds of such demurrers to bills in equity. The court is of the opinion, however, that there was, prima facie, equity in the bill. But for the bill it is probable that complainants would have lost their right to payment from the fund in the hands of the receivers. The receivers themselves are already the officers of the court of equity. It is true that the bill upon which they were appointed was filed in the Northern District of Georgia and in the Circuit Court, as it formerly

existed, but that court has been abolished by law, and the jurisdiction of the cause was transferred to the District Court. An ancillary bill had been filed here, and in a sense this court has jurisdiction of the cause through that ancillary bill. In this way the applications of the complainants may be treated, I think, in the nature of interventions pro interesse suo. This is a common procedure by which parties who hold a claim against a fund in court may come in, set up and seek to have adjusted their rights. But, if there was any defect in the equity of the cause, it has been cured by the act of the respondents in coming before the court, and paying into its registry the sum upon which the lien it is claimed attaches. In that way, the jurisdiction, in the opinion of the court, is sufficiently established, and we should not drive the complainants back to their remedy at common law, but in accordance with the trend of modern jurisprudence on this subject and particularly the new rules of the Supreme Court of the United States we should proceed in the speediest way to have the rights of the parties adjusted. What could be more speedy or satisfactory than to proceed here now on the pleadings and proof and determine whether or not the complainants are entitled to their claim which has actually been paid into the hands of the court to be subject to its decree.

For these reasons, I overrule the motion to dismiss, and direct that the cause proceed.